Citation Nr: 1755100 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 13-27 179 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to an increased rating for major depressive disorder, rated as 50 percent disabling, from November 1, 2011, to August 25, 2016.

2. Entitlement to an increased rating for major depressive disorder, currently rated as 70 percent disabling, from August 25, 2016.

3. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant, his brother and sister-in-law
ATTORNEY FOR THE BOARD

Michael J. O'Connor, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1978 to July 1978, and from April 1979 to November 1979.

This appeal comes before the Board of Veterans' Appeals (Board) from a July 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Little Rock, Arkansas. Jurisdiction over the case is with Muskogee, Oklahoma. 

In the July 2012 rating decision, the RO granted a temporary total rating under 38 C.F.R. § 4.29 based on hospitalization over 21 days effective from September 22, 2011 to October 31, 2011. When the Veteran was no longer hospitalized, the Veteran's rating returned to 50 percent disabling effective November 1, 2011. The Veteran appealed the rating decision.

In May 2016, the Veteran testified before the undersigned at a travel board held at the RO. A transcript of the hearing is of record.

In July 2016, the Board remanded the case for further development. 

In a May 2017 rating decision, the RO granted an increased rating for the Veteran's diagnosed depressive disorder, and awarded a disability rating of 70 percent disabling, effective August 26, 2016. The Board has phrased the issues to reflect that a "staged" rating is in effect. See Hart v. Mansfield, 21 Vet. App. 505, 509-510 (2007).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.
REMAND

At a VA examination in August 2016, the Veteran reported being in receipt of disability benefits from the Social Security Administration since 2001. These records are relevant to the issues at hand, and must be obtained prior to any further adjudication.

The Board also finds that an August 2016 report by a VA occupational medicine specialist must be returned as inadequate for rating purposes. This examiner concluded that it was less likely than not that the Veteran's physical disability (tinnitus) alone prevented him from engaging in substantially gainful employment. However, that examiner commented on not having benefit of review of a recent evaluation for service-connected major depressive disorder. The Board finds that the absence of consideration of the Veteran's service-connected depressive disorder renders the medical opinion inadequate.

Accordingly, the case is REMANDED for the following action:

1. Obtain complete records from the Vet Center.

2. Associate with the claims folder medical and legal documents pertaining to the Veteran's award of disability benefits by the Social Security Administration.

3. Associate with the claims folder records of the Veteran's VA treatment since May 2017.

4. The claims file should be returned to the August 2016 occupational specialist for an addendum opinion. The vocational specialist is requested to address the functional effects that the Veteran's service-connected major depressive disorder, tinnitus and bilateral hearing loss have (alone or in combination) on his ability to secure or follow a substantially gainful occupation.

When addressing the functional effects, the examiner should consider the Veteran's level of education, special training, and previous work experience but must not consider the Veteran's age or any nonservice-connected disabilities. The examiner should also consider the effects, if any, of medications taken to treat service-connected disability on the Veteran's ability to secure or follow a substantially gainful occupation.

5. If, upon completion of the above action, any benefit sought on appeal remains denied, the case should be returned to the Board after compliance with appellate procedure.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. See 38 U.S.C. §§ 5109B, 7112.



_________________________________________________
T. MAINELLI
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).